ORIGINAL

# In the United States Court of Federal Claims

No. 17-447C
(Filed November 17, 2017)

**FILED**

NOV 1 7 2017

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| PHILIP EMIABATA, d/b/a PHILEMA BROTHERS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

Contract; Wrongful Termination for
Default Claim; No Jurisdiction Over
Breach and Tort Claims; Conversion
of RCFC 12(b)(6) Motion to RCFC 56
Motion.

Philip Emiabata, Pflugerville, TX, pro se.

Emma E. Bond,[1] Trial Attorney, with whom were Chad A. Readler, Acting Assistant
Attorney General, Robert E. Kirschman, Jr., Director, Brian A. Mizoguchi, Assistant
Director, Commercial Litigation Branch, Civil Division, United States Department of
Justice, Washington, DC, for defendant.  Shoshana Epstein, United States Postal Service,
Washington, DC, of counsel.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge.

    The court has before it defendant's motion to dismiss, filed June 26, 2017, which
is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court
of Federal Claims (RCFC).  Def.'s Mot., ECF No. 11.[2]  After a response brief from
plaintiff and a reply brief from defendant were filed, the court permitted plaintiff to file a

---

[1]    A new attorney was recently assigned to this case for defendant:  Alexander O.
Canizares.

[2]    All document references and page citations are to the electronic record preserved
in the court's Case Management/Electronic Case Files (CM/ECF) system.

sur-reply brief. ECF Nos. 12, 13, 17.   For the reasons stated below, defendant's motion is **GRANTED** in part and **DENIED** in part.

I.      Factual Background[3]

Plaintiff Philip Emiabata, doing business as Philema Brothers, competed for and won a United States Postal Service (USPS) delivery contract, HCR 450D3. Compl., ECF No. 1 at 1. There is some ambiguity as to the contract award date. The award date for the contract is alleged by the government to have been December 29, 2015. Def.'s App'x, ECF No. 11-1 at 17, 51. Plaintiff acknowledges that he was given an informal notice to proceed, orally, on December 14, 2015, by a contract specialist, not the contracting officer (CO). ECF No. 1 at 1. The contract appears not to have been executed by the CO, however, until January 8, 2016. Def.'s Supp. App'x, ECF No. 13-1 at 7-8. Plaintiff asserts that he delayed performance because he had not yet received an "executed letter of Award of the contract by the contracting officer . . . as required by the contract." ECF No. 1 ¶ 3.

Performance of the contract did not begin until February 5, 2016. Id. ¶ 4. The delay in performance was later described by the CO as a delay of "thirty nine (39) days after [contract] award." ECF No. 11-1 at 51; see also Compl. Ex., ECF No. 1-1 at 1. Plaintiff attributes much of the delay to the unavailability of USPS personnel to complete the procedures required for Philema Brothers to begin contract performance. ECF No. 1 ¶ 4. The CO, on the other hand, describes the delay as "permitting [plaintiff] time to complete . . . vehicle inspection and an opportunity to meet other mandatory contract submittals, inspection and compliance issues." ECF No. 11-1 at 51.

In any event, by March 23, 2016, the CO cited a number of deficiencies in plaintiff's compliance with the submission of documentation required at or near the start of contract performance:

(1)     "[R]equired documentation for a security clearance and investigation has not yet been submitted."

(2)     "[Y]our temporary Commercial Driver License was valid only until March 14, 2016."

(3)     "[Y]ou provided false information in response to Question 22 on PS Form 2025. While you stated that litigation was ongoing regarding a Virginia

---

[3]      The facts recited here are taken from the complaint and defendant's appendix of exhibits, and are undisputed unless otherwise noted. The court also takes judicial notice of plaintiff's February 25, 2015 reckless driving conviction, which is also undisputed. See Def.'s Supp. App'x, ECF No. 13-1 at 5-6; Pl.'s Sur-Reply, ECF No. 17 at 4-5.

reckless driving charge, it has come to the Postal Service's attention that, in fact, you were convicted of reckless driving in February 2015, in an accident that killed 2 people."

(4)     "[O]ur inability to obtain from you the mandatory forms, specifically your [Motor Vehicle Record ("MVR")] dating back five years, your 3881 direct deposit form, the necessary insurance documents, and the name of your substitute driver" gives reason to terminate this contract.

Id. The CO then terminated the contract for default, as of March 25, 2016. Id. The termination letter noted Mr. Emiabata's right to "bring an action directly in the United States Court of Federal Claims within twelve months from the date you receive this decision." Id. at 52.

II.     Procedural Background

Rather than file a claim with the CO presenting any claim for monetary damages related to the USPS's administration of the contract, Mr. Emiabata waited until March 24, 2017 to file a complaint in this court.[4] Plaintiff's motion to proceed in forma pauperis was granted on May 22, 2017. A few days before the government's response to the complaint was due, plaintiff filed a claim with the CO demanding the same monetary relief that is requested in his March 24, 2017 complaint before this court. Compare ECF No. 1 at 5, with ECF No. 11-1 at 66-67. Plaintiff reports that he has not received a final decision from the CO on the June 19, 2017 certified claim. See Pl.'s Resp., ECF No. 12 at 6 (stating that the "Contracting Officer . . . failed to issue her decision").

In this court, defendant's motion to dismiss was filed on June 26, 2017. The motion is focused largely on this court's jurisdiction over plaintiff's contract-based claims. The jurisdictional challenge to the complaint is governed by the "presentment" requirement of the Contract Disputes Act of 1978 (CDA), which requires that written contractor claims be presented to a contracting officer for final decision before such claims may be litigated in this court. 41 U.S.C. § 7103 (2012). The government also argues that plaintiff's complaint fails to state a claim for wrongful termination for default because plaintiff falsified a submission to the USPS on the subject of his reckless driving conviction in February 2015. The motion is fully briefed and ripe for a decision.

---

[4]     The complaint contains no mention of a certified claim submitted to the CO prior to March 24, 2017. To the extent that plaintiff's briefs attempt to informally amend the complaint and present a new factual allegation regarding the submission to the CO of a certified claim before March 24, 2017, those allegations are discussed in Section IV(B) of this opinion.

III.    Standard of Review

A.    Pro Se Litigants

The court acknowledges that Mr. Emiabata is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and plaintiff's briefs thoroughly to discern all of plaintiff's claims and legal arguments.[5]

B.    Motions Brought under RCFC 12(b)(1)

When reviewing a complaint to determine its jurisdiction over a plaintiff's claims, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted). However, plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

C.    Motions Brought under RCFC 12(b)(6)

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to

---

[5]    Mr. Emiabata, proceeding pro se, filed three previous suits in this court alleging wrongful termination of mail delivery contracts: Case Nos. 06-902C; 07-653C; and 09-339C. These suits, two of which were consolidated, were dismissed on summary judgment. See Emiabata v. United States, 102 Fed. Cl. 787 (2012); Emiabata v. United States, 90 Fed. Cl. 22 (2009). Mr. Emiabata, proceeding pro se, has also brought a number of appeals before the Postal Service Board of Contract Appeals premised on mail delivery contract disputes. E.g., Appeals of Nova Express, PSBCA No. 5102, 08-1 B.C.A. (CCH) ¶ 33763 (Jan. 10, 2008). Mr. Emiabata, proceeding pro se, has brought a number of actions in federal district courts, as well. E.g., Emiabata v. Marten Transp., Ltd., 574 F. Supp. 2d 912 (W.D. Wis. 2007).

4

dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." Scheuer, 416 U.S. at 236. The court, however, must not mistake legal conclusions presented in a complaint for factual allegations which are entitled to favorable inferences. See, e.g., Papasan v. Allain, 478 U.S. 265, 286 (1986) ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.") (citations omitted). The allegations of the complaint must state a plausible claim for relief to survive a motion to dismiss filed under Rule 12(b)(6). See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).

IV.   Analysis

A.   No CDA Jurisdiction over Plaintiff's Contract-Based Claims

Plaintiff asserts that the CDA provides the jurisdictional support for his contract-based claims.[6] ECF No. 12 at 5 (citing 41 U.S.C. §§ 7103(a), 7104(b) (2012)). Defendant notes that the USPS has adopted CDA requirements through its own regulations. See ECF No. 11 at 14 n.3. The contract states that it is subject to the CDA. ECF No. 11-1 at 38. The court, therefore, can only exercise its jurisdiction over plaintiff's contract-based claims if the CDA presentment requirement is met. England v. Swanson Grp., Inc., 353 F.3d 1375, 1379 (Fed. Cir. 2004) (Swanson) ("We have held, based on the statutory provisions, that the jurisdiction over an appeal of a contracting officer's decision is lacking unless the contractor's claim is first presented to the contracting officer and that officer renders a final decision on the claim.") (citation omitted).

Except for the wrongful termination for default claim, which has been the subject of a final decision of the CO, see ECF No. 1-1 at 1-2, none of the claims set forth in the complaint were presented to the CO for a final decision before plaintiff filed suit in this court. The complaint is not easy to parse, but the prayer for relief clearly states a demand for monetary damages in the amount of $2.6 million. ECF No. 1 at 5. The component

---

[6]      For the purposes of its analysis, the court, like the government, distinguishes between the wrongful termination for default claim, which is founded on the termination of the contract on March 23, 2017 as expressed in the CO's termination letter, and all other claims that might be discerned in the complaint arising out of the USPS's administration of the mail delivery contract at issue, HCR 450D3. The court employs the term "contract-based" claims to describe these claims -- whether they sound in contract, breach of contract, tort, or any other any legal theory -- that are distinct from plaintiff's wrongful termination for default claim.

parts of the claim appear to include total "invoice" amounts of $6601.86 ($5901.86 plus $700) and total contract charges of $215,434.63 ($59,280.77 plus $156,153.86). Id. There is also a demand for "reliance" damages of $76,500. Id. Finally there are unspecified amounts of damages claimed for "Late-slip payments," "Punitive Damages, Expectation Damages[,] . . . Compensatory Damages . . . [and] Consequential Damages." Id.

The legal theories underlying these claims for monetary damages are presented, in broad strokes, throughout the complaint. A representative list of the legal theories to which plaintiff alludes in the complaint is as follows: breach of contract, wrongful discharge, undue influence, government-caused delay, fraudulent misrepresentation, failure to exercise reasonable care, negligence, misconduct, wrongful interference with a contract, breach of the duty of good faith and fair dealing, and the tortious infliction of pain, suffering and emotional distress. See generally ECF No. 1. As defendant notes, the only theory of recovery which is encompassed in the CO's final decision is wrongful termination for default (which appears to be represented in the complaint as "wrongful discharge"). ECF No. 11 at 16-17. Separate and distinct claims, such as those based on fraud, breach of contract, unfair dealings, government-caused delay, negligence and other torts, were not presented to the CO before plaintiff sought relief in this court. Id. For this reason, defendant argues, the court lacks jurisdiction over -- and must dismiss -- every claim in the complaint that is not a claim for wrongful termination for default. The court agrees.

The presentment requirement of the CDA is well-established. E.g., Swanson, 353 F.3d at 1379. Belatedly submitting a certified claim to a CO once a claim is in litigation is not a cure for failing to present a claim to the CO before filing suit in this court. See Sharman Co. v. United States, 2 F.3d 1564, 1572 (Fed. Cir. 1993) (noting that once a claim is in litigation, any action by a CO on a later-submitted claim is a "nullity" and cannot establish jurisdiction over the claim in this court). Thus, the certified claim presented to the CO on June 19, 2017, ECF No. 11-1 at 66-67, cannot serve to establish jurisdiction in this court over any of the claims filed in the complaint on March 24, 2017.

The government argues, and the court must agree, that the scope of plaintiff's wrongful termination for default claim, over which this court has jurisdiction, does not include the various contract-based claims expressed in the complaint. The wrongful termination for default claim only implicates the contractor's right to obtain termination for convenience costs. See Malone v. United States, 849 F.2d 1441, 1445 (Fed. Cir.) ("If the default was improper, the government is liable for the contractor's termination for convenience costs.") (citation omitted), modified on other grounds, 857 F.2d 787 (Fed. Cir. 1988). When the CO issued the termination letter, the contractor could challenge that final decision as a wrongful termination for default; the sole remedy available under the contract for such claim is termination for convenience costs. See ECF No. 11 at 18-19 (citing Securiforce Int'l Am., LLC v. United States, 125 Fed. Cl. 749, 775-76

6

(2016); M.E.S., Inc. v. United States, 104 Fed. Cl. 620, 636 (2012); Armour of Am. v. United States, 69 Fed. Cl. 587, 590-91 (2006); Advanced Materials, Inc. v. United States, 46 Fed. Cl. 697, 701 (2000)); see also ECF No. 11-1 at 34 (Termination for Default clause in the subject mail delivery contract, HCR 450D3).

In other words, if plaintiff intended to file claims in this forum under mail delivery contract HCR 450D3 requesting anything other than termination for convenience costs, he was obliged to submit a certified claim for his contract-based claims to the CO before filing suit on March 24, 2017. See Daff v. United States, 78 F.3d 1566, 1575 (Fed. Cir. 1996) (holding that a contractor's challenge to a termination for default properly encompassed the contractor's claim for termination for convenience costs, but did not include a separate contractor claim for the value of inventory remaining in the government's possession). Because Mr. Emiabata did not take this prerequisite step, all of his claims in the complaint, other than his wrongful termination for default claim, are barred by the presentment requirement of the CDA. Swanson, 353 F.3d at 1379; Daff, 78 F.3d at 1575; Malone, 849 F.2d at 1445. The court therefore **GRANTS** defendant's motion to dismiss in part, because none of the claims that can be discerned from the complaint, except for the wrongful termination for default claim, fall within this court's jurisdiction.

B.    Informal Amendment of the Complaint

The complaint contains no mention of a certified claim submitted to the CO prior to March 24, 2017. See supra note 4. Defendant, in its motion to dismiss, argued that this failure to present a claim to the CO prior to filing suit barred most of plaintiff's claims in this court. ECF No. 11 at 14-16. In plaintiff's response brief, Mr. Emiabata countered that a version of the certified claim had been presented to a contracting specialist to forward to the CO before suit was commenced in this court. ECF No. 12 at 5.

Defendant, in its reply brief, argued that plaintiff's new allegation of fact was unsupported by documentation or "any particularizing information (such as the date of the alleged submission)." Def.'s Reply, ECF No. 13 at 5. In plaintiff's sur-reply brief, Mr. Emiabata asserts that the certified claim allegedly supplied to the contracting specialist was delivered on or about February 14, 2017. Pl.'s Sur-Reply, ECF No. 17 at 2. In his submissions to the court, plaintiff has repeatedly contended that he has the right to amend his complaint. ECF No. 1 at 5; ECF No. 12 at 5; ECF No. 17 at 2. In the two briefs filed by plaintiff, he asserts his right to amend the complaint in the text immediately adjacent to his allegations of fact as to the submission of a certified claim to the CO prior to March 24, 2017. See ECF No. 12 at 5; ECF No. 17 at 2.

Plaintiff, although proceeding pro se, is an experienced litigant who has repeatedly sued the USPS regarding his mail delivery contracts. See supra note 5. The court

therefore presumes that Mr. Emiabata is aware that representations made to the court must be truthful and that sanctions under RCFC 11 would apply if a party misrepresented facts to the court. Thus, the court finds that plaintiff, in his briefs filed on July 14, 2017 and August 31, 2017, attempted to informally amend his complaint to include an allegation that he supplied a certified claim to the USPS contracting specialist on or around February 14, 2017 for delivery to the CO. Construing the complaint to have been so amended, for the purpose of the court's jurisdictional analysis, the court further finds that the new factual allegation does not forestall the dismissal of plaintiff's contract-based claims.

The government argues that a naked assertion that Mr. Emiabata submitted a certified claim to the USPS contracting specialist so that it would be forwarded to the CO does not satisfy plaintiff's burden to establish jurisdiction over his contract claims. ECF No. 13 at 5. The court agrees with the government that a plaintiff who fails to present a single document in support of his allegations that a certified CDA claim was submitted to an agency has not carried his burden to establish this court's subject matter jurisdiction over a CDA claim. See, e.g., Diversified Maint. Sys., Inc. v. United States, 110 Fed. Cl. 612, 617 (2013) (dismissing a CDA claim for lack of jurisdiction due to the lack of any evidence that the purported claim was submitted to the contracting officer); Capelouto v. United States, 99 Fed. Cl. 682, 693 (2011) (dismissing a suit for lack of jurisdiction because the plaintiff in that case "failed to prove that he submitted a CDA claim to any contracting officer responsible for his alleged contracts"); L.A. Ruiz Assocs., Inc. v. United States, 94 Fed. Cl. 768, 772 (2010) (dismissing a CDA claim for lack of jurisdiction because the "Plaintiff ha[d] not presented any evidence which would lead the Court to conclude that the letter was ever actually submitted to, or received by, the contracting officer for review."); cf. Anwar Alsabah Co., ASBCA No. 59737-957, 15-1 B.C.A. (CCH) ¶ 35907 (Mar. 3, 2015) (dismissing appeal for lack of jurisdiction because the contractor failed to provide evidence that he submitted a properly certified claim to the contracting officer). Here, defendant clearly disputed the allegation that plaintiff submitted a certified claim to the USPS before March 24, 2017, and plaintiff, in response, has provided no evidence that shows that such a certified claim was indeed submitted on or about February 14, 2017. In these circumstances, plaintiff has failed to meet his burden to establish jurisdiction over his contract-based claims.

The submission of a certified claim on February 14, 2017, moreover, would be of no assistance to plaintiff. This suit was filed on March 24, 2017. No deemed denial of a claim submitted on February 14, 2017 could occur before April 15, 2017, sixty days later. See 41 U.S.C. § 7103(f)(2). This is so because a CDA suit filed less than sixty days after the submission of a certified claim to the CO, upon which there has been no final decision, cannot proceed on a "deemed denial" basis and is not within the jurisdiction of the court. See, e.g., Kellogg Brown & Root Servs., Inc. v. United States, 115 Fed. Cl. 46, 56 (2014) (explaining the preclusive effect of 41 U.S.C. § 7103(f) on claims filed within sixty days of the submission of a claim to the contracting officer); Tidewater Contractors,

Inc. v. United States, 107 Fed. Cl. 779, 783 (2012) (holding that "the court lacks subject matter jurisdiction to decide the allegations in plaintiff's complaint because the contracting officer had not yet issued a final decision at the time plaintiff filed its complaint in this court" (citing 41 U.S.C. § 7103(f)(2)(B); Swanson, 353 F.3d at 1379)). Thus, even if plaintiff had supplied evidence that a certified claim had been presented to the CO on or about February 14, 2017, there still would be no jurisdiction in this court for plaintiff's contract-based claims.

C.    Failure to State a Claim under RCFC 12(b)(6)

The government argues that plaintiff "fails to dispute that he provided false information regarding his reckless driving conviction" to the USPS. ECF No. 11 at 22. The government contends, further, that this "false and incomplete information" stated on a USPS form rendered Mr. Emiabata "ineligible to access the mails and unable to personally perform the contract." Id. at 24. For this reason, the government argues that the CO's termination for default was proper and that plaintiff's wrongful termination for default claim fails to state a plausible claim for relief. Id. at 22.

In the court's view, however, plaintiff disputes the government's allegation that Mr. Emiabata's statements concerning his reckless driving conviction were false. See ECF No. 17 at 4 (stating that "[t]o any [r]easonable persons will tell that plaintiff don't conceal his [r]eckless driving conviction"). For the dispute as to whether plaintiff falsified the report of his driving record, both parties rely on their interpretation of a document attached to defendant's reply brief, ECF No. 13-1 at 3-4, which was not attached to the complaint. See ECF No. 13 at 9-10; ECF No. 17 at 4. The court cannot consider materials outside of the pleadings when rendering a decision on a RCFC 12(b)(6) motion. RCFC 12(d). The proper procedure, in this instance, is that the parties be given notice that the termination for default dispute should be briefed under RCFC 56 and summary judgment standards.[7] See id. ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion [for summary judgment]."). For this reason, the court **DENIES** defendant's motion to dismiss, in part, because defendant's request that plaintiff's wrongful termination for default claim be dismissed under RCFC 12(b)(6) must be converted to a motion for summary judgment.

V.    Summary Judgment Proceedings

The court sets forth here its directions for summary judgment proceedings, both substantive and procedural.

---

[7]    The court observes that similar disputes were resolved on summary judgment in plaintiff's earlier suits filed in this court. See supra note 5.

A.    Legal Issues

There are two elements of proof relevant to plaintiff's wrongful termination for default claim -- first, whether there is proof of contractor default, and, second, whether there is proof of <u>excusable</u> contractor default. <u>See, e.g.</u>, <u>Kennedy v. United States</u>, 164 Ct. Cl. 507, 512 (1964) ("If we hold that [the contractor] defaulted, we must determine whether the default was or was not excusable."); <u>Vanguard Constr., Inc. v. United States</u>, 123 Fed. Cl. 130, 132 (2015) (noting that a termination for default may be converted to a termination for convenience if the contractor's default is excused by government fault); <u>Keeter Trading Co. v. United States</u>, 79 Fed. Cl. 243, 253 (2007) ("If the government succeeds in proving default, the plaintiff then must demonstrate 'that the default was excusable under the terms of the contract.'" (quoting <u>Airport Indus. Park, Inc. v. United States</u>, 59 Fed. Cl. 332, 338 (2004))); <u>see also</u> <u>Malone</u>, 849 F.2d at 1445 (noting that contractor default may in some cases be excused by government actions that materially breached the contract). The parties should address in their briefs both of these elements of proof.

The rationale offered by the USPS for the termination for default is provided in the CO's termination letter, dated March 23, 2016. Both parties should base their arguments as to contractor default on evidence that either supports or refutes the allegations made in that letter. Similarly, any allegations of <u>excusable</u> contractor default should be supported by evidence of government action that excused the default.

B.    Procedural Requirements

Because the government bears the initial burden to show contractor default, the government shall file the initial summary judgment brief. Subsequent briefing shall follow pursuant to the rules of the court. The court notes that summary judgment procedures are described in RCFC 56, and that motions for summary judgment are governed generally by that rule.

Nonetheless, the undersigned judge requires, in addition to adherence to the procedural requirements set forth in RCFC 56(c), separately filed statements of the facts that are relied upon by the movant and non-movant. The parties' findings of fact must meet the following requirements:

(1)    In addition to its motion, the moving or cross-moving party must file a separate document titled **Proposed Findings of Uncontroverted Fact** which should contain:

(A)    concise, separately numbered paragraphs setting forth all of the material facts upon which the party bases its motion and as to which the party believes there is no genuine dispute; and

(B)    citations to the opposing party's pleadings or to documentary evidence, such as affidavits or exhibits, filed with the motion or otherwise part of the record before the court.

(2)    In addition to its opposition, the opposing party must file a separate document titled **Response to the Proposed Findings of Uncontroverted Fact** which should contain, immediately below each finding:

(A)    a statement indicating whether the opposing party agrees or disagrees with the finding as written;
(B)    the basis for any objection to the finding;
(C)    a proposed revision of the finding; and
(D)    any proposed findings of uncontroverted fact as to any relevant matters not covered by the moving party.

(3)    **Stipulation in Lieu of Proposed Findings of Uncontroverted Fact.** The parties need not file the documents identified in numbered paragraphs (1) and (2) of this order if they file, no later than the time of the initial motion for summary judgment, a comprehensive stipulation of all the material facts upon which they intend to rely.

Thus, to ensure efficient consideration of the parties' requests for summary judgment, the parties must consult both the rules of this court and the requirements set forth in this order.

VI.    Conclusion

For the reasons stated in this opinion, plaintiff's claims, <u>except for his wrongful termination for default claim</u>, must be dismissed for lack of subject matter jurisdiction under RCFC 12(b)(1). Defendant's RCFC 12(b)(6) challenge to plaintiff's wrongful termination for default claim, however, must be converted to a motion for summary judgment under RCFC 56. Accordingly, defendant's motion to dismiss, ECF No. 11, filed June 26, 2017, is **GRANTED** in part and **DENIED** in part.

Defendant shall **FILE** its **Motion for Summary Judgment** and its separate document titled **Proposed Findings of Uncontroverted Fact** on or before **December 22, 2017**. Subsequent briefing shall follow pursuant to the court's rules. All briefing shall **COMPLY** with the instructions provided in Section V of this order.

IT IS SO ORDERED.

PATRICIA CAMPBELL-SMITH
Judge